## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**DINITA FERGUSON,** Individually and on behalf
Of Others Similarly Situated,

**CIVIL CASE NO.:**

Plaintiff,                    **COMPLAINT**

vs.

**JURY TRIAL DEMANDED**

**REISNER RESTAURANTS INC., d/b/a SUBWAY,**

Defendant.

Plaintiff, **DINITA FERGUSON,** by and through her attorneys, alleges upon information individually and on behalf of all others similarly situated, as and for her Class and Collective Action Complaint against **REISNER RESTAURANTS, INC**., **d/b/a SUBWAY** (hereinafter "Defendant" or "Restaurant"), alleges upon her own knowledge of her conduct and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff, individually and on behalf of all others similarly situated hourly employees, brings this action to recover monetary damages, liquidated damages, prejudgment interest and costs, including reasonable attorney's fees as a result of

Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA").

2.      Plaintiff, individually and on behalf of all others similarly situated hourly employees, brings this action under the FLSA in connection with Defendant's commonly applied policy and/or practice in violation of their statutory obligations to pay Plaintiff and the putative collective members minimum wage for time worked, to compel Plaintiff and the putative collective members to work off the clock, and to pay overtime compensation at a rate of time and a half (1.5) of their regular rates of pay for work in excess of forty (40) hours per week pursuant to 29 U.S.C. § 207(a).

3.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant willfully and intentionally has committed systematic and widespread violations of the above-described federal wage and hour statutes and regulations, in the manner described herein.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a federal statute.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

**THE PARTIES**

6.     Defendant **REISNER RESTAURANTS, INC., d/b/a SUBWAY** is a business corporation organized and existing under the laws of the State of Georgia, with its principal place of operations in Marietta, Cobb County, Georgia.

7.     The Restaurant has annual gross revenues exceeding $500,000.00.

8.     The Restaurant operates restaurants / sandwich shops as a franchisee of Subway, the well-known sandwich chain, and is actively conducting this business in this State and District.

9.      The Restaurant is engaged in interstate commerce as that term is defined under the FLSA.

10.      At all relevant times herein, Plaintiff, **DINITA FERGUSON,** was and is a resident of Cobb County in the State of Georgia.

**GENERAL FACTUAL ALLEGATIONS**

11.     Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

12.     At all times relevant herein, Defendant has been an enterprise "engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. §203(s) (1).

13.     At all times relevant herein, Defendant is / was the "employer" of Plaintiff and all other similarly situated employees within the meaning of 29 U.S.C §203(d).

3

14. At all times relevant herein, Defendant either directly or indirectly hired Plaintiff and all other similarly situated employees.

15. At all times relevant herein, Defendant determined the rate and method of the payment of wages for Plaintiff and all other similarly situated employees.

16. At all times relevant herein, Defendant kept at least some records regarding the employment of Plaintiff and all other similarly situated hourly employees.

17. At all times relevant herein, Defendant controlled the work schedules, duties, protocols, applications, assignments and conditions of employment of Plaintiff and all other similarly situated employees.

18. At all relevant times herein, Plaintiff and all other similarly situated persons employed by Defendant were classified as non-exempt from overtime.

19. At all relevant times herein, Plaintiff and all other similarly situated persons employed by Defendant were paid an hourly rate of compensation.

20. Commencing in November 2014 through March 2015, Plaintiff worked as a non-exempt hourly paid Sandwich Artist at the Defendant's store in Marietta, Georgia, at an hourly rate of $ 7.25 per hour.

21. Throughout her time as a non-exempt hourly-paid employee of Defendant, Plaintiff generally worked at the Marietta store from 3 pm until 11 pm, five days per week.

22. On the days when she worked at the Marietta store, Plaintiff sometimes was required to arrive at the store and perform some work prior to 3 pm, the time she was

4

required to begin work.

23.    On the days when she worked at the Marietta store, Plaintiff would close the store for the night at the end of her shift.

24.    On the days when Plaintiff closed the store, Plaintiff was required to perform some work after 11 pm.

25.    Plaintiff was sometimes not compensated for work performed after 11 pm.

26.    Plaintiff sometimes worked in excess of 40 hours per week.

27.    During weeks when she worked in excess of 40 hours per week, Plaintiff was sometimes not paid for hours worked in excess of 40 hours for that week, or was paid only straight time for hours worked in excess of 40 per week.

28.    For example, during the week ending November 18, 2014, Plaintiff worked 43.5 hours, and was paid for 43.5 hours for that week at a rate of $7.25 per hour.

29.    As another example, during the week ending March 10, 2015, Plaintiff worked 43.28 hours, but was paid for only 40 hours of work that week.

30.    Plaintiff sometimes worked more than 40 hours in a week, but was required to work off the clock and was not paid for some hours she worked during that week.

31.    For example, during the week ending December 23, 2014, Plaintiff worked 40.38 hours, but was paid only for 32.0 hours during that week.

32.    During the week ending December 23, 2014, Plaintiff was not paid time and one-half (1.5) for hours worked in excess of 40, or 0.38 hours, for that week.

33.     Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any statute, rule, regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor, or on any administrative practice or enforcement policy of such Department.

34.     Defendant's widespread violations of the above-described federal wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## CLASS AND COLLECTIVE ACTION CLAIMS

35.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

36.     Plaintiff brings this class and collective action to recover monetary damages owed by Defendant to Plaintiff and the putative collective members for all of the unpaid wages, off the clock wages and overtime compensation.

37.     Plaintiff brings this claim for relief for Defendant's willful violation of the FLSA, as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

38.     The Collective is defined as follows:

**All current and former non-exempt hourly-paid employees in Georgia within the period from May, 2012 through present.**

39.     This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA because Plaintiff and the putative collective members

are similarly situated in that they are all subject to Defendants' commonly applied policy and/or practice of not paying one and one-half (1.5) times the employees' normal hourly rate for hours worked in excess of 40 per week, and also of requiring employees to work off the clock without any compensation, all in violation of the FLSA.

40.    The Collective is so numerous that joinder of all members is impractical. While the exact number and identities of Collective members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that at least thirty-five (35) putative collective members have worked for Defendant during the applicable statutory period without receiving appropriate compensation, as required by law.

41.    This litigation is properly brought as a collective action because of the existence of questions of fact and law common to the collective which predominates over any questions affecting only individual members, including:

    a.    Whether Defendant is liable to Plaintiff and the putative collective members for violations of the FLSA;

    b.    Whether Plaintiff and the putative collective members worked off the clock;

    c.    Whether Defendant failed to compensate Plaintiff and members of the putative collective for time worked off the clock, including time worked at the beginning or end of shifts, and other similar violations;

d. Whether Plaintiff and the putative collective members worked over forty (40) hours in a workweek; and

e. Whether Defendant failed to pay Plaintiff and members of the putative collective proper overtime compensation for all hours in the work week in excess of forty (40).

42.  This litigation is properly brought as an FLSA collective action because Plaintiff's claims are typical of the claims of the members of the collective, inasmuch as all such claims arise from Defendant's standard policies and practices, as alleged herein. Like all collective members, Plaintiff was damaged by Defendant's system-wide policies and practices of failing to pay overtime compensation for all hours in a work week in excess of forty (40), in violation of the FLSA.

43.   Plaintiff has no interests antagonistic to the interests of the other members of the collective.  Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in collective action litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the collective.

44.   Collective certification is also fair and efficient because prosecution of separate actions by individual collective members would create a risk of differing adjudications with respect to such individual members of the collective, which as a practical matter

may be dispositive of the interests of other members who are not the parties to the adjudication, or substantially impair or impede their ability to protect their interests.

45.   Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents FLSA claims of a type that have often been prosecuted on a collective  basis, and the manner of identifying the collective and providing any monetary relief to it can easily be effectuated from a review of Defendant's records.

## FIRST CLAIM FOR RELIEF

**(Individual Claim for Violations of FLSA)**

46.   Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

47.   Defendant required Plaintiff to work hours off the clock.

48.   Defendant failed to pay Plaintiff lawful compensation for time worked off the clock.

49.   Plaintiff was required by Defendant and did regularly work over forty (40) hours a week, but Defendant failed to pay Plaintiff proper overtime compensation at time and half (1.5) of her regular rate of pay for hours in a work week in excess of forty (40), in violation of the FLSA.

50.   Defendant's policy and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

51.    Because Defendant willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

52.    As a result of the foregoing, Plaintiff was illegally denied proper overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

**SECOND CLAIM FOR RELIEF**

**(Collective Action Claim for Violation of FLSA)**

53.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

54.    Defendant required Plaintiff and the other similarly situated hourly employees to work time off the clock without any lawful compensation.

55.    Plaintiff and other similarly situated hourly employees were required by Defendant and did regularly work over forty (40) hours a week, but Defendant failed to pay Plaintiff and similarly situated non-exempt hourly-paid employees proper overtime compensation at time and half (1.5) of their regular rate of pay for hours in a work week in excess of forty (40), in violation of the FLSA.

56.    Defendant's failure to pay Plaintiff and the other similarly situated employees proper overtime compensation at time and a half (1.5) of their regular rates of pay for hours in a work week in excess of forty (40) violates the FLSA.

57.    Defendant's policy and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

58.    Because Defendant willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

59.    As a result of the foregoing, Plaintiff and the other similarly situated employees were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for declaratory relief and damages as follows:

A.    A declaratory judgment that Defendant's wage practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

B.    An order for injunctive relief ordering the Defendant to end all of the illegal wage practices alleged herein pursuant to FLSA and related laws and regulations.

C.    An Order certifying this action as a Collective Action on behalf of the FLSA Collective, designating the lead Plaintiff, **DINITA FERGUSON**, as Collective representative and the undersigned counsel as Collective Counsel, and approving issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals

apprising them of the pendency of this action, and permitting them to assert FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b).

D.   An order requiring Defendant to turn over to Plaintiff, at its own expense, a detailed investigative accounting for the number of overtime-eligible hours actually worked by the Plaintiff and all putative collective members.

E. Judgment for damages for all illegal deductions and unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

F. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all upaid overtime compensation and illegal deductions owed to Plaintiff and members of the Class during the applicable statutory period.

G. Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled.

H. An order directing Defendant to pay Plaintiff and members of the putative collective prejudgment interest, reasonable attorney's fees and all costs connected with this action.

I. Incentive awards for the lead Plaintiff.

J. Leave to add additional plaintiffs by motion, the filing of written consents, or any other method approved by the court.

K. Equitably tolling for the collective effective the date of the filing.

L. Such other and further relief as to this Court may deem necessary, just and proper.

Dated: September 15, 2015

Respectfully submitted,

**THE ORLANDO FIRM, P.C.**

/s/ *ROGER W. ORLANDO*
Roger W. Orlando
315 West Ponce De Leon Avenue, Suite 400
Decatur, GA 30030
(404) 373-1800 (Office)
(404) 373-6999 (Fax)

-And-

**JTB LAW GROUP, LLC**

Jason T. Brown
jtb@jtblawgroup.com
*(Will move for pro hac vice admission)*
155 2nd Street, Suite 4
Jersey City, NJ 07302
P: (201) 630-0000
F: (855) 582-5297

*Attorneys for Plaintiff*